AUGUSTUS R. HARRINGTON, In Equity,

*vs.*

EMERY O. BEAN, Administrator.

Kennebec.   Opinion May 26, 1900.

*Set-Off.   Judgment.   Equity.   R. S., c. 82, §§ 56, 63.*

1. A judgment for damages for breach of a covenant of warranty in the conveyance of property will be allowed in reduction of the mortgage debt for such conveyance.

2. Where such judgment is not recovered till after judgment in a suit for foreclosure, but before foreclosure is complete, it will still be allowed in an equity process for that purpose.

3. Either party is entitled to have one judgment set off against the other, except as to taxable costs on which the attorney may have a lien.

See *Bean, Admr.* v. *Harrington*, 88 Maine, 460.

ON EXCEPTIONS BY PLAINTIFF.

The case is stated in the opinion.

*L. T. Carleton,* for plaintiff.

Counsel cited: R. S., c. 77, § 6, cl. XI; Stat. 1897, c. 322; Byles on Bills, § 350; Waterman on Set-Off, pp. 18, 23, §§ 17, 18; *Richardson* v. *Parker*, 2 Swan. 529; *Holmes* v. *Robinson*, 4 Ohio, 90; *Burns* v. *Thornburgh*, 3 Watts, 78; *New Haven Copper Co.* v. *Brown*, 46 Maine, 418; 2 Par. Con. p. 240 (Set-Off); *Simmons* v. *Williams*, 27 Ala. 507; *Bevall* v. *Squires*, 3 T. B. Monroe (Ky.) 372; *Lyman* v. *Estes*, 1 Maine, p. 182.

*Fred Emery Beane,* for defendant.

In Byles on Bills, p. 412, the defect of which Lord Mansfield speaks, and which the complainant quotes, was supplied by statute later on. These statutes "only give a set-off in case of mutual debts, that is, of ascertained money demands." "Hence it follows that there can be no set-off unless the demand for which the action is brought and the counter demand sought to be set off are both of them for specific sums of money." In the matter now presented one demand is for money and the other is for land.

In *Richardson* v. *Parker*, 2 Swan. 529, the set-off was allowed because of the mutuality of the accounts. The court says: " It cannot be doubted that it was the intention of the parties that the latter should discharge the former account." In *Holmes* v. *Robinson*, 4 Ohio, 90, the motion to setoff was denied. In order to warrant the set-off it seems to be equally well settled that the actual debts must exist in the same right.

In *Simmons* v. *Williams*, 27 Ala. 507, again the mutuality of accounts exists. The court holds that "the mere existence of mutual and independent debts" would not allow the set-off. Stat. 1897, c. 322, does not apply to pending actions.

The plaintiff's claim is to set off a judgment for money against a judgment for land. The claim had been outstanding almost twenty years when his action for damages was commenced. He neglected to enforce it until after the decease of Dexter. Plaintiff's debt rests on no other ground than that of a general creditor of this insolvent estate. There was never any express agreement that Dexter should give, and Harrington receive, damages for breach of covenant in payment of this debt. That being so, it cannot be allowed.

"In a foreclosure suit no claims or debts against the complainant can be setoff against the mortgage debt, except such as have been expressly agreed to be payment." *Dudley* v. *Bergen*, 23 N. J. 397. Counsel also cited: *Bird* v. *Davis*, 1 McCarter, (N. J. Eq.) 467; *Dolman* v. *Cook*, Ib. 56; *Fuller* v. *Eastman*, 81 Maine, 286; *White* v. *Williams*, 3 N. J. Eq. 376.

Equity must certainly put the plaintiff in the same and on equal footing with the general creditors of this estate, and the allowance claimed, would be most inequitable and unjust, not only to the administrator, but to all other creditors.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, SAVAGE, JJ.

EMERY, J. Harrington, the plaintiff, purchased of Francis Dexter, the defendant's testator, a parcel of land in Wayne and gave his note and a mortgage of the same land as security for part

of the purchase money. Dexter in his deed to Harrington, warranted the land to be free from all incumbrances. There was, however, an incumbrance of a right of flowage, which materially lessened the value of the land. After the death of Dexter the defendant, as administrator de bonis non with the will annexed, brought a writ of entry against Harrington to foreclose the mortgage. Harrington sought in that suit to have his claim for damages for breach of the covenant of warranty against incumbrances determined and allowed in reduction of or set-off against the mortgage debt. This was denied him upon the ground that the existence of the incumbrance was only a partial failure of consideration, and hence no defense at law to any part of the note. *Bean, Admr.*, v. *Harrington*, 88 Maine, 460. Accordingly in the foreclosure suit, notwithstanding the injury done the mortgagor, the full amount of the note, principal and interest, was fixed as the sum to be paid by him to prevent a foreclosure. That case seems to have been continued without the issuance of any writ of possession.

Harrington then brought an action for covenant broken against Bean, as representative of Dexter deceased, and recovered a verdict and judgment for $350, as damages for the diminution in the value of the land. This judgment has not been paid, nor has any writ of possession issued in the foreclosure suit. The estate of Dexter is insolvent and was represented insolvent February 10, 1896.

The question raised is whether Harrington is now entitled to have his judgment allowed in reduction of the amount to be paid to redeem the mortgage.

It is to be noted that the question arises in this case between the original mortgagor and mortgagee. What would be the rights of assignees without notice is not in question here. It is also to be noted that the mortgagor's claim against the mortgagee is not an independent claim to be allowed as a set-off, if at all, but is one that arose directly out of the mortgage transaction and directly reduced the consideration of the mortgage. That such a claim ought in "equity and good conscience" to be allowed on the mortgage debt should be self evident, and is abundantly supported by

decided cases. *Van Riper* v. *Williams,* 2 N. J. Eq. 407; *Union Bank* v. *Pinner,* 25 N. J. Eq. 495; *Holbrook* v. *Bliss,* 9 Allen 69; *Davis* v. *Bean,* 144 Mass. 360; *Northy* v. *Northy,* 45 N. H. 141; *Goodwin* v. *Henney,* 49 Conn. 563.

But it is urged that the court has already determined in the foreclosure suit that, in order to save the property, the mortgagor must pay the entire original purchase money and interest without any allowance for the damage the same court has since awarded him for the mortgagee's fault in the same transaction; and this notwithstanding the utter insolvency of the mortgagee's estate. The case of *Fuller* v. *Eastman,* 81 Maine, 286, is cited as conclusive against the power of the court to grant relief even in equity.

In that case, and the cases upon which it is based, the claim shut out in the second suit was one which was available in the first suit if seasonably interposed. In *Fuller* v. *Eastman,* the claim that payments had been made on the mortgage notes was available to the mortgagor in the foreclosure suit if he had then made such claim. Then was the time for him to make it if ever. In this case, however, the mortgagor's claim was not of that kind. It was not available in the foreclosure suit. The mortgagor indeed offered it and pressed it in that suit, but the court refused to allow it. It was held to be an unliquidated claim, the amount of which was not ascertainable by calculation, and hence it was not allowable in set-off,—R. S. Ch. 82, § 56;—nor in reduction of the agreed price in an action at law on the mortgage. *Bean* v. *Harrington,* 88 Maine, 460. Now, however, before the right to redeem has expired or the foreclosure proceedings are finished, the plaintiff's claim has been liquidated,—its amount judicially determined,—and it has been converted into a judgment debt of equal degree at least with the defendant's claim against him. This entitles either party to have one claim setoff against the other, except as to the taxable costs on which the attorney may have a lien. *Peirce* v. *Bent,* 69 Maine, 381. Again, it now appears that the estate of Dexter has since been declared insolvent. In such case even equitable claims against the estate are admissible in set-off to claims made by the executor. R. S., Ch. 82, § 63; *Lyman, Admx.,* v. *Estes,* 1 Maine,

182; *Fox* v. *Cutts*, 6 Maine, 240; *Medomak Bank* v. *Curtis*, 24 Maine, 36; *Ellis* v. *Smith*, 38 Maine, 114.

It cannot be that a court with full equity powers cannot reach the evident equity of this case and enforce it. The mortgagor has done no wrong, and is an innocent sufferer from a wrong done him by the mortgagee in the mortgage transaction. He only asks that the mortgage debt be chancered to that extent. We have no hesitation in saying that it should and can be done. And in doing it for that purpose, the bill can be and is sustained for an account and for redemption.

In stating the account the amount of the plaintiff's judgment against the Dexter estate will be allowed in reduction of the mortgage debt.

*Decree accordingly.*